```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172, LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS, and ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.A., <br><br> Petitioners, <br><br> v. <br><br> GRIFFIN SIGN CO. INC., <br><br> Respondent. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action No. 15-527 (JBS/KMW) <br><br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Petitioners Laborers' Local Union Nos. 472 & 172 and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.A.'s (hereinafter, "Petitioners") motion to confirm an arbitration award entered on October 30, 2014 as a result of Griffin Sign Co. Inc.'s (hereinafter, "Respondent" or "Griffin") failure to remit fringe benefit contributions [see Docket Item 2]; and by way of Respondent's cross-motion to vacate the arbitration award on the grounds that it received inadequate notice of the arbitration hearing date. [See Docket Item 4.]

For the reasons that follow, Petitioners' motion will be granted, and Respondent's cross-motion will be denied.  The Court finds as follows:

1.   In their Verified Petition, Petitioners generally allege that Laborers Local Union No. 172 (hereinafter, "Union") and Griffin are parties to a collective bargaining agreement (hereinafter, the "agreement") that requires, in relevant part, that Griffin remit certain fringe benefit contributions and that it resolve any dispute regarding payment of these contributions in arbitration. (See Pet'rs Reply at 1-2; see also O'Hare Cert. at ¶ 2; Ex. A to Pet'rs Br. at ¶ 17.)

2.   As a result of Griffin's failure to remit contributions for July and August 2014, Petitioners sent a letter by certified mail, return-receipt requested and by regular mail on October 16, 2014, advising Griffin that an arbitration hearing would be held on October 30, 2014.[1] (See Ex. A to O'Hare Cert.)  Respondent thereafter acknowledged receipt of the certified mailing (by signing the return receipt) (id.),

---

[1] The letter further advised that, in the event Respondent failed to appear, Petitioners would "request the arbitrator to proceed with the hearing and to issue an Award based on the evidence presented."  (Ex. A to O'Hare Cert.)

and the United States Postal Service never returned the regular mail as undeliverable.[2] (See O'Hare Cert. at ¶ 3.)

3. Despite these notices, however, Griffin "did not respond to the correspondence, nor did it appear at the arbitration hearing." (O'Hare Cert. at ¶ 4.) As a result, Petitioner presented the matter to the arbitrator who issued an award directing payment of delinquent contributions in the amount of $152,122.64, plus interest, attorney's fees, and arbitration costs. (See id. at 2-3; see also Ex. B to Pet.) Petitioners then mailed a copy of the arbitration award, together with a demand for payment, to Griffin by certified mail, return-receipt requested and by regular mail on October 30, 2014. (See Id. at 3.) Despite these additional mailings (see Ex. B to O'Hare Cert.; O'Hare Cert. at ¶ 5), however, Griffin did not respond to Petitioners' correspondence, nor did it pay the outstanding sums. (See generally O'Hare Cert.)

4. Petitioners therefore filed the Verified Petition and motion to confirm, followed by Respondent's cross-motion to vacate. [See Docket Items 1 & 2.]

5. In support of its motion, Respondent specifically takes the position that it received "inadequate notice" of the arbitration date, and therefore lacked an opportunity to be

---

[2] Respondent does not, as stated below, dispute its receipt of these mailings, nor its actual knowledge of the arbitration hearing date.

3

heard. (Resp't Opp'n at 2.) As a result, Respondent requests that the Award be vacated and that it be permitted to present the matter anew to an arbitrator. (See id.)

6. Petitioners, however, argue that the arbitration award must be confirmed, because the adequacy of notice fails to constitute a basis to vacate an arbitrator's award under the Federal Arbitration Act, 9 U.S.C. § 10(a) (hereinafter, the "FAA"). (See Pet'rs Reply at 3, 5-6.) Petitioners further argue that Respondent received, in any event, notice of the hearing two weeks prior to its scheduled date, and never objected to the date, nor challenged the award after its issuance. (See id.)

7. Review of an arbitration award is extremely limited and conducted under a highly deferential standard. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987). Indeed, a court's "role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator." Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2002). Rather, an arbitration award may be vacated only in the "exceedingly narrow" circumstances specified under the FAA. Brentwood Med. Assocs. V. UMW, 369 F.3d 237 (3d Cir. 2005); see also Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003).

4

8. The FAA provides, in particular, four exclusive grounds upon which arbitration awards can be vacated. See 9 U.S.C. § 10(a). These limited grounds include circumstances: (1) "where the award was procured by corruption, fraud, or undue means;" (2) "where there was evident partiality or corruption in the arbitrators, or either of them;" (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" and/or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Id.

9. Here, Respondent does not argue that the arbitration award should be vacated for any of the grounds permitted under the FAA. (See generally Resp't Opp'n.) Rather, it contends that judgment should not be entered on the arbitration award because Petitioners provided inadequate notice of the arbitration hearing. (See id.) The Court, however, finds Respondent's position without merit, and will confirm the arbitration award.

10. Critically, it is "'axiomatic that all parties to an arbitration hearing must be given an opportunity to be heard, which implies the right to receive notice of the hearing.'" See

N.J. Reg'l Council of Carpenters v. Chanree Constr. Co., No. 13-5613, 2014 WL 980649, at *3 n.2 (D.N.J. Mar. 13, 2014) (citations omitted). Nevertheless, "where [p]etitioners notified [r]espondent of their intention to arbitrate and the date of the arbitration hearing via regular and certified mail addressed to [r]espondent's principal place of business, and where [r]espondent's agent signed for the letter, [r]espondent may not argue that it lacked proper notice [in seeking] to vacate the arbitration award." N.J. Bldg. Laborers Statewide Ben. Funds v. Newark Bd. of Educ., No. 12-7233, 2013 WL 3285283, at *3 (D.N.J. June 27, 2013); see also Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 729 (5th Cir. 1987) (citation omitted) (concluding that "due process is not violated if [an arbitration] hearing proceeds in the absence of one of the parties when that party's absence is the result of his decision not to attend").

11.   Here, Petitioners notified Griffin of their intention to arbitrate and provided the date of the arbitration hearing (in bold letters) by two methods, certified mail, return-receipt requested and regular mail. (See Ex. A to O'Hare Cert.) Respondent's agent then signed for the certified mailing (see id.), and the United States Postal Service never returned the notice by regular mail as undeliverable (or otherwise). (See O'Hare Cert. at ¶ 3.)  Respondent did not, however, respond to

6

the correspondence in order to request an adjournment or to lodge any other objections, nor did it appear at the hearing itself. (See id.)

12. Moreover, Respondent does not challenge its receipt of these notifications, nor its actual knowledge of the date of the arbitration hearing. Rather, it challenges only the adequacy of the timing of these notices, but provides no support for its position that two weeks constitutes inadequate notice under these circumstances (i.e., an in-state arbitration proceeding between two in-state entities). (See generally Resp't Opp'n.) Nor can the Court find two weeks otherwise insufficient, particularly in the context of routine arbitration proceedings concerning delinquent benefit contributions.[3] See N.J. Bldg. Laborers Statewide Ben. Funds, 2013 WL 3285283, at *3 (finding two weeks noticed by certified and regular mail sufficient). Further, Respondent never sought a postponement of the hearing during the two weeks in which it had notice.

13. For all of these reasons, the Court rejects Respondent's position that the arbitration award should be vacated on notice grounds. See id. (rejecting the respondent's argument that "it lacked proper notice" of the arbitration

---

[3] As noted by Petitioners, Griffin is no stranger to "the arbitration process or a federal court confirmation proceeding." (Pet'rs Reply at 3.) Indeed, Griffin has been a respondent in at least 6 confirmation proceedings within the last year alone. (See id. (collecting cases involving Griffin).)

7

hearing, where the petitioner provided notice of the hearing by certified and regular mail, and the respondent's agent acknowledged receipt of the certified mailing); see also Local 149, Boot & Shoe Workers Union, AFL-CIO v. Faith Shoe Co., 201 F. Supp. 234, 236 (E.D Pa. 1962) (citation omitted) ("The defendant, having been notified of the time and place of the hearing, waived its right to be present and to be heard.").[4] Consequently, because the evidence establishes that Respondent received proper notice of the arbitration hearing and because Respondent has identified no other grounds upon which to vacate the arbitration award under the FAA, Petitioners' motion to confirm arbitration will be granted and Respondent's cross-motion to vacate the arbitration award will be denied.

    14.    An accompanying Order will be entered.

**June 11, 2015**                                     **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                          Chief U.S. District Judge

---

[4] Respondent asserts, in the last paragraph of its opposition, that the arbitrator reached an "inaccurate, excessive and unsupported" award. (See Resp't Opp'n at 3.) Respondent, however, provides no support for this position, nor has Respondent argued that, in reaching the award, the arbitrator exceeded the scope of his authority. (See id.) Nevertheless, a court's "role in reviewing the outcome of the arbitration proceedings" is not, as stated above, to correct factual or legal errors made by an arbitrator." Major League Umpires Ass'n, 357 F.3d at 279. Nothing in this record suggests that the award is so deficient that it does not derive its logic from the parties' collective bargaining agreement.  For this reason, the Court finds that Respondent's position does not provide a valid basis to set aside the arbitrator's award.